BRIAN S. HARNIK, ESQ. (SBN 135724)
MARY E. GILSTRAP, ESQ. (SBN 150941)
ANDREW G. MONTEZ, ESQ. (SBN 324188)
**ROEMER & HARNIK LLP**
45-025 Manitou Drive
Indian Wells, California 92210
Telephone (760) 360-2400
Facsimile (760) 360-1211
email: mgilstrap@rhlawfirm.com

ATTORNEYS FOR:
Marc Antoine Gagnon and Meggie Roy

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH GAGAN, an individual, CLAIRE GAGAN, an individual, HALO'S HEART, LLC, a California Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>MARC ANTOINE GAGNON, an individual, MEGGIE ROY, an individual, MARIEVE SIMARD, an individual, ALAIN POIRIER, an individual, and DOES 1-280, inclusive,<br><br>Defendants. | Case No.: 5:22-cv-00680-JWH-SP<br><br>Hon. John W. Holcomb<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS MARC ANTOINE GAGNON AND MEGGIE ROY'S MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO COMPLY WITH FED.R.CIV.P. RULE 9(b)**<br><br>Date: July 8, 2022<br>Time: 9:00 a.m.<br>Ctrm: Courtroom 9D, Ronald Reagan Federal Building and U.S. Courthouse |

Defendants Marc Antoine Gagnon and Meggie Roy submit this Memorandum in support of their motion to dismiss Plaintiffs' complaint. All 15 of Plaintiffs' causes of action, while not necessarily denominated as fraud, rely on the same underlying allegations of a fraud conspiracy. Such allegations must be pled with particularity under Federal Rule of Civil Procedure 9(b). As Plaintiffs have not met their pleading burden, the complaint should be dismissed with leave to amend to allow Plaintiffs to correct their errors.

# INTRODUCTORY STATEMENT

Three plaintiffs – Sarah Gagan, her mother Claire Gagan, and Halo's Heart LLC, a California limited liability company claimed to be owned by Sarah Gagan – have brought this lawsuit asserting 15 fraud-related claims against four defendants: Marc Antoine Gagnon, Meggie Roy, Alain Poirier and Marieve Simard. All 15 of Plaintiff's state law claims sound in fraud, as the opening factual paragraph of the complaint demonstrates. However, since the complaint is devoid of specific facts as to which defendant made what misrepresentation to which Plaintiff, and when and how, all of the causes of action fail due to the lack of factual specificity under Rule 9(b).

The complaint is structured so that Paragraphs 12 through 48, which contain the purported facts of the case, are incorporated by reference into all 15 causes of action which follow. Most of what purport to be "factual" allegations are actually simply conclusions or broad brush allegations without any factual specifics. As a result, the complaint in many areas does not even identify which Defendant made the purportedly false representations, what the representations actually were, or to which Plaintiff they were made. Plaintiffs are lumped together on occasion as are the defendants. It is axiomatic that a defendant cannot defend against a claim so vague that it is impossible to decipher, which is the reason behind Rule 9(b) in the first instance. The complaint should be dismissed and Plaintiffs given an opportunity to correct the deficiencies which occur with respect to every cause of action in the complaint.

- 2 -
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 9(b)
GAGAN V. GAGNON

# ARGUMENT

## I.

## THE COMPLAINT LACKS THE SPECIFICITY REQUIRED FOR FRAUD LAWSUITS UNDER FEDERAL RULE OF CIVIL PROCEDURE RULE 9(b).

All of the averments of the complaint forming the basis of each of the 15 causes of action sound in fraud and are subject to dismissal under Fed.R.Civ.P. 9(b).

Fed. R. Civ. P. 9(b) requires that in all averments of fraud, the circumstances constituting the fraud shall be stated with particularity. To satisfy Rule 9(b), Plaintiff must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 14091 (9th Cir. 1986).

Rule 9(b) applies to both claims expressly denominated as fraud allegations and to claims that are grounded in fraud or that sound in fraud. Vess v. Ciba-Geiry Corp. USA, 317 F.3d 317, 1103-04 (9th Cir. 2003). In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct, such as in the instant case. A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b). *Id.* at 1103-1104. Even if the entire claim is not grounded in fraud, individual allegations "based on fraud" within the claim must satisfy Rule 9(b). *Id.* at 1105.

Here, every cause of action is based on a fraud theory. The causes of action are 1) Ejectment; 2) Trespass; 3) Conspiracy to commit fraud; 4) Fraud – Intentional Misrepresentation; 5) Fraud – Negligent Misrepresentation; 6)

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 9(b)**
GAGAN V. GAGNON

Conversion; 7) Breach of Contract; 8) Breach of Contract; 9) Breach of Contract; 10) Promissory Estoppel; 11) Financial Elder Abuse; 12) Accounting; 13) Rescission and Restitution; 14) Unjust Enrichment and 15) Declaratory Relief.

As Paragraph 12 of the Complaint demonstrates, this case has been framed and pled by Plaintiffs as a case about Gagnon and Roy (perhaps all Defendants, it is impossible to tell), who are described as "a married pair of grifters, con artists, and swindlers" who ingratiated themselves with Plaintiffs Sarah and Claire Gagan for the main purpose of "obtaining through deceit and undue influence money and possessions" from the Gagans. (Complaint, ¶12). The paragraph goes on to refer to "Defendants" generally, but the term "Defendants" is defined in Paragraph ¶3 of the complaint as all four defendants. Thus, it is impossible to tell if Paragraph 12 relates to conduct by all defendants or only Roy and Gagnon, or some other mixture of the four. This defect permeates the entire complaint.

Paragraph 12 ends with the allegation that "Defendants stole hundreds of thousands of dollars from Plaintiffs Sarah and Claire via an undue enrichment conspiracy theory to commit fraud and embezzlement." (*Ibid*). Despite the fact that there are no specific facts alleged regarding the "undue enrichment conspiracy scheme," Paragraph 12 is incorporated by reference into every single cause of action in the complaint.

### A. First Cause of Action – Ejectment and Thirteenth Cause of Action for Rescission/Restitution (Pages 11 and 22 of the Complaint)

The first cause of action is for ejectment by Plaintiff Halo's Heart against all defendants. (Complaint, p. 11). Beginning on page 5 of the Complaint, Plaintiffs allege that due to the undue influence of "Defendants" (there are no allegations of the actions which constitute the undue influence, or which Defendants took such actions), Sarah Gagan was "swayed" to buy a house for "Defendants" through her company, Plaintiff Halo's Heart, which would then lease the property to

"Defendants" and also give said "Defendants" an option to purchase the property. (Complaint, ¶15). The option agreement with "Defendants" is attached to the complaint as Exhibit "A." That option agreement only identifies Defendants Gagnon & Roy.

Paragraph 43 of the complaint states that "Defendants, with the intent to permanently deprive Plaintiffs of their respective real and personal property, fraudulently appropriated the assets of Plaintiffs as herein alleged." The first cause of action for ejectment seeks to remove all defendants from the real property, as it was purportedly obtained through fraud. This theory is further supported by the 13th cause of action for rescission and restitution, in which Plaintiffs Halo's Heart and Sarah Gagan claim that by virtue of the acts of "Defendants," the lease and option agreement were obtained through fraud, duress and undue influence. The Complaint says that Sarah was "bamboozled" into placing trust and confidence in "Defendants" but fails to state any facts as to how and when any Defendant took actions to "bamboozle" Sarah Gagan. (Complaint, ¶¶133, 135).[1]

### B.   Second Cause of Action – Trespass (Page 11 of the Complaint)

Halo's Heart brings this second cause of action against all Defendants. Halo's Heart alleges that "Defendants" took possession of the home in February of 2020 and have never paid any rent and refuse to leave. The underlying fraud allegations in Paragraphs 12 through 48 are incorporated by reference in this count. In other words, "Defendants" are occupying property of Halo's Heart wrongfully obtained through fraud and undue influence. As the count is based in fraud, the particularity requirements of Rule 9(b) apply to this cause of action.

---

[1] While all "Defendants" are lumped together for purposes of alleging the scheme to defraud Sarah Gagan and Halo's Heart, the cause of action for restitution and rescission is only alleged against Defendants Gagnon and Roy – internal inconsistencies in the Complaint that make the requirement of pleading fraud with specificity even more important in this case.

**C.    Third Cause of Action – Conspiracy to Commit Fraud (Page 12 of the Complaint)**

The third cause of action is for conspiracy to commit fraud brought by all three Plaintiffs against all four Defendants. Preliminarily, it should be noted that conspiracy is not an independent tort but must be predicated on some other tort. Applied Equipment Corp. V. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510-511 (2004). Here, the Plaintiffs have designated the count as conspiracy to commit fraud, so the allegations of fraud underlying the conspiracy must be pled with specificity under Rule 9(b). Facebook, Inc. v. MaxBounty, Inc. (N.D. Cal. 2011) 274 F.R.D. 279, 286.

The count itself, found in Paragraphs 62-69 of the complaint, does not contain a single fact. Rather, Plaintiffs rely upon the "Factual Background" portion of the complaint (Paragraphs 12-48), incorporated by reference.

In reviewing the "Factual Background" allegations, no facts were set forth as to the conspiracy to commit fraud, fraud, negligent misrepresentation nor any other tortious act in any clear or concise terms as to any Defendant. There are general allegations of a scheme by all "Defendants" to gain Sarah and Claire's confidence and friendship (¶12-15). No mention is made of how the four defendants took fraudulent actions to gain Sarah and Claire Gagan's confidence, no facts are alleged as to any act of fraud that was perpetrated on Claire Gagan by any particular defendant, or how, or when. The same holds true for Defendants Sarah Gagan and Halo's Heart.

Pleadings must differentiate between defendants and set forth sufficient allegations as to each one. U.S. v. Corinthian Colleges, 955 F.3d 984, 998 (9th Cir. 2011). The Ninth Circuit has interpreted Rule 9(b) "to require that 'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Neubronner v.

Milken, 6 F.3d 666, 671-72 (9th Cir.1993) (quoting Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985)).  Here, Plaintiffs have failed to allege fraud with specificity as to each defendant and the complaint must be amended so that all defendants have sufficient notice of the wrongdoing they are accused of.

### D. Fourth and Fifth Causes of Action for Intentional Fraud and Negligent Misrepresentation. (Pages 14-17 of the Complaint)

The fourth cause of action for intentional fraud and the fifth cause of action for negligent misrepresentation is alleged by all Plaintiffs against Defendants Gagnon and Roy only.  For the same reasons set forth above, the facts supporting these causes of action have to be set forth with specificity as to each defendant.  They are not.

### E. Sixth Cause of Action for Conversion (Page 17 of the Complaint)

This count by Sarah and Claire Gagan against all Defendants simply relies on Paragraphs 12-48 to support the legal conclusion found in Paragraph 91 that "Defendants wrongfully acquired personal and real property belonging to Plaintiffs through a series of false, fraudulent, deceptive and wrongful representations, acts and practices. . . ."   However, there are no facts pled as to each Defendant's involvement in the alleged series of fraudulent practices.  The complaint is utterly silent on that front.

### F. Seventh, Eighth and Ninth Causes of Action for Breach of Contract (Pages 17-19 of the Complaint)

These counts, brought by Plaintiffs Halo's Heart and Sarah Gagan, seek to recover damages for the alleged agreements reached with "Defendants" although at least one of those agreements was only with Roy and Gagnon. In reality, these three contract counts are an alternative legal theory to recover damages under the contracts that they also want to rescind because they were purportedly obtained fraudulently.   These counts sound in tort – the only difference is the remedy sought which is damages as opposed to rescision.

**G.  Tenth Cause of Action for Promissory Estoppel (Page 19 of the Complaint)**

This count, brought by all Plaintiffs against all Defendants, alleges that "Defendants" made promises to all Plaintiffs that were false, despite the fact that there are no factual allegations in the complaint as to what all of those promises were, or what defendant made them, and to which plaintiff. The relief sought includes declaring all agreements with defendants be deemed void ab initio as being obtained through fraud.  This count is subject to the heightened pleading requirements of Rule 9(b).

**H.  Eleventh Cause of Action for Elder Abuse (Page 20 of the Complaint)**

Plaintiff Claire Gagan brings this claim for elder abuse against Gagnon and Roy only. She alleges that "Defendants "took and retained her property with the intent to defraud or for wrongful use." This claim is subject to the heightened pleading requirements of Rule 9(b).  (Parducci v. Overland Solutions, Inc., 399 F.Supp.3d 969, 977 (N.D. Cal. 2019).

**I.  Twelfth Cause of Action for Accounting (Page 22 of the Complaint)**

All Plaintiffs assert this claim against all Defendants.  The basis for this claim for relief is that Plaintiffs are unable to account for all of the assets wrongfully taken from them by "Defendants."  As this count relies on the underlying fraud claim, the fraud allegations giving rise to the right to an accounting must be pled with specificity.  They have not.

**J.  Fourteenth Cause of Action for Unjust Enrichment (Page 23 of the Complaint)**

All Plaintiffs assert this claim against all Defendants.  The basis of the claim is the alleged wrongful receipt by Defendants of monies, personal property, real property and other assets belonging to Plaintiffs.  While there is no stand-alone

cause of action for unjust enrichment, the Ninth Circuit has construed the common law to allow an unjust enrichment cause of action through quasi-contract. ESG Capital Partners, LP v. Stratos, 828 F.3d 1023, 1038 (9th Cir. 2016). Here, because Plaintiffs' unjust enrichment/quasi-contract claim is based on the same underlying fraud conspiracy allegations, it also sounds in fraud and is subject to Rule 9(b)'s heightened pleading requirements. (See Puri v. Khalsa, 674 Fed.Appx. 679, 690 (9th Cir. 2017) (unpublished) (applying Rule 9(b) to unjust enrichment claim based on fraud); Vess, *supra*, 317 F.3d at 1103-04 (explaining that when claim is based on unified course of fraudulent conduct, Rule 9(b) applies, even when fraud is not a necessary element of the claim).

### K.   Fifteenth Cause of Action for Declaratory Relief (Page 23 of the Complaint)

Plaintiffs Halo's Heart and Sarah Gagan bring this cause of action against Gagnon and Roy only concerning the three contracts that both Plaintiffs contend were obtained through fraud – Halo's Heart and Sarah Gagan allege here that all such agreements are invalid and void ab initio due to the fraud scheme set out in Paragraphs 12-48. Because this count also sounds in fraud, it also is subject to Rule 9(b)'s heightened pleading standard. (See TransFresh Corp. v. Ganzerla & Assoc., Inc., 862 F.Supp.2d 1009, 1017–1018 (N.D. Cal. 2012).

## CONCLUSION

The deficiencies in every cause of action of the complaint require dismissal with leave to amend to allow Plaintiffs to sufficiently and accurately set forth their claims with specificity as to each defendant. For the reasons set forth above, Defendants Marc Antoine Gagnon and Meggie Roy respectfully request that this Court grant their motion to dismiss Plaintiff's complaint with leave to amend.

Dated: June 3, 2022

ROEMER & HARNIK, LLP
MARY E. GILSTRAP

By: *Mary E. Gilstrap*
Mary E. Gilstrap
Attorneys for Defendants
Marc Antoine Gagnon and
Meggie Roy