1  BUCHALTER
   A Professional Corporation
2  VINCENT R. WHITTAKER (SBN: 214007)
   SKYE L. DALEY (SBN: 284592)
3  CHANDRA A. ROAM (SBN: 323379)
   655 West Broadway, Suite 1600
4  San Diego, CA 92101
   Telephone: 619.219.5335
5  Email: vwhittaker@buchalter.com
   Attorneys for Plaintiffs
6  Sarah Gagan, Claire Gagan and Halo's Heart, LLC

7

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 SARAH GAGAN, an individual,              Case No. 5:22-cv-00680-JWH-SP
   CLAIRE GAGAN, an individual, and         Assigned to Hon. John W. Holcomb
12 HALO'S HEART, LLC, a California
   Limited Liability Company                **PLAINTIFFS' MEMORANDUM
13                                           OF POINTS AND AUTHORITIES
              Plaintiffs,                    IN OPPOSITION TO
14                                           DEFENDANTS' MARC ANTOINE
         vs.                                 GAGNON AND MEGGIE ROY'S
15                                           MOTION TO DISMISS UNDER
   MARC ANTOINE GAGNON, an                   RULE 9(b)**
16 individual, MEGGIE ROY, an individual,
   MARIEVE SIMARD, an individual,           **Hearing (Motion to Dismiss):**
17 ALAIN POIRIER, an individual, and        Date:  July 8, 2022
   DOES 1-280, inclusive,                   Time:  9:00 a.m.
18                                          Ctrm:  9D, Ronald Reagan Federal
              Defendants.                           Building and U.S. Courthouse
19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS UNDER RULE 9(b)**
BN 69904357v1

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................ 1

II.    STANDARD OF REVIEW ......................................................................... 2

III.   ARGUMENT ............................................................................................. 3

    A.   Plaintiffs' Have Pled Their Fraud Allegations With the Requisite Specificity ....................................................................................... 3

        1.   Marc and Meggie's Fraudulent Conduct Related to the Bel Air Home ............................................................................... 4

        2.   Marc and Meggie's Fraudulent Conduct Related to the Vehicles Purchased by Plaintiff ...................................................... 5

        3.   Marc and Meggie's Fraudulent Conduct Related to the Montecito Home Redesign ......................................................... 6

        4.   Marc's Fraudulent Conduct Related to the Website Design ................................................................................... 8

        5.   Marc and Meggie's Fraudulent Conduct Related to Duress, Undue Influence, and Accessing Plaintiffs' Safes .................... 8

        6.   Marc and Meggie's Fraudulent Conduct Related to Conspiracy .................................................................................. 9

        7.   Marc and Meggie Have Notice of Their Alleged Misconduct ............................................................................. 9

    B.   The Heightened Pleading Standard of Rule 9(b) Applies Only to Plaintiffs' Fraud-Based Claims .............................................. 11

    C.   Alternatively, Plaintiffs Should be Given Leave to Amend ............... 13

IV.    CONCLUSION ......................................................................................... 14

Buchalter
A Professional Corporation
San Diego

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 9(b)**

BN 69904357v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir.1988) ............................................................................... 13

*Bly-Magee v. California*,
  236 F.3d 1014 (9th Cir. 2001) ........................................................................... 13

*Carrigan v. California State Legislature*,
  263 F.2d 560 (9th Cir. 1959) ............................................................................... 2

*Foman v. Davis*,
  371 U.S. 178 (1962) ........................................................................................... 13

*Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,
  238 F.3d 363 (5th Cir.2001) ............................................................................. 12

*Ryan-Beedy v. Bank of New York Mellon*,
  293 F. Supp. 3d 1101 (E.D. Cal. 2018) ............................................................. 10

*Semegen v. Weidner*,
  780 F.2d 727 (9th Cir. 1985) ............................................................................... 2

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................... *passim*

*Washington v. Baenziger*,
  673 F. Supp. 1478 (N.D. Cal. 1987) .................................................................. 10

**Rules**

Fed. R. Civ. P. 8(a) ...................................................................................... 2, 11

Fed. R. Civ. P. 8(e) .......................................................................................... 2

Fed. R. Civ. P. 9(b) ................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 13

Fed. R. Civ. P. 15(a) ....................................................................................... 13

**PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS UNDER RULE 9(b)**

BN 69904357v1

Plaintiffs SARAH GAGAN ("Sarah"), CLAIRE GAGAN ("Claire"), and HALO'S HEART, LLC, ("Halo's"), (Sarah, Claire and Halo's shall sometimes hereafter be collectively referred to as "Plaintiffs") by and through its undersigned counsel, respectfully submit this Opposition to the Motion to Dismiss For Failure to Comply with Rule 9(b), filed by Defendants' MARC ANTOINE GAGNON ("Marc") and MEGGIE ROY ("Meggie"), (Marc and Meggie shall sometimes hereafter be collectively referred to as "Defendants").

## I.   **INTRODUCTION**

Defendants' Motion to Dismiss relies on two arguments: (1) that every single claim, even non-fraud claims, are subject to the heightened pleading standard of Rule 9(b); and (2) that the allegations of the fraudulent acts are not specifically pled to give Defendants adequate notice of their alleged misconduct to defend against it. Neither argument is tenable.[1]

First, only ten of Plaintiffs' fifteen claims require allegations of fraud as a necessary element.[2] The remaining five claims—including clearly non-fraud based claims like ejectment and trespass—require no showing of fraudulent conduct and stand independently on allegations of non-fraudulent conduct.[3] Defendants nonetheless seek to expand the application of Rule 9(b)'s heightened pleading standard to encompass *all* claims, thereby ignoring Rue 8 in an attempt to eviscerate the well-established "plausibility" pleading standard of Federal Courts.

///

---

[1] Critically, Defendants moved to dismiss the Complaint for failure to plead with particularity under Rule 9(b), but have made no motion to dismiss under Rule 12(b)(6).

[2] Conspiracy to commit fraud; intentional misrepresentation; negligent misrepresentation; conversion; financial elder abuse; rescission & restitution, promissory estoppel, accounting, unjust enrichment, and (arguably) declaratory relief.

[3] Ejectment, trespass and three causes of action for breach of contract.

1

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS UNDER RULE 9(b)
BN 69904357v1

Second, and more importantly, Plaintiffs' Complaint is replete with specific allegations of Defendants' wrongdoing, including the circumstances in which it occurred. The allegations state the "who, what, when, where, and how" of the misconduct with the requisite particularity to give Defendants notice of the charges and defend against them. There is no reasonable basis for either Defendant to claim otherwise.

This Court should summarily dispense with Defendants' arguments and deny their Motion to Dismiss. Alternatively, if this Court finds any merit in Defendants' Motion, it should afford Plaintiffs the opportunity to amend.

## II.     **STANDARD OF REVIEW**

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Generally, a pleading need only state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When fraud is alleged, the pleading must state with particularity the circumstances constituting fraud, so that the defendant can prepare an adequate answer. Fed. R. Civ. P. 9(b); *Semegen v. Weidner*, 780 F.2d 727, 734–35 (9th Cir. 1985). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Although fraud must be particularly pled, "it still must be as short, plain, simple, concise, and direct, as is reasonable under the circumstances, and as Rules 8(a) and 8(e) require." *Carrigan v. California State Legislature*, 263 F.2d 560, 565 (9th Cir. 1959).

///

///

///

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MARC ANTOINE GAGNON AND MEGGIE ROY'S MOTION TO DISMISS UNDER RULE 9(b)**

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

## III.  ARGUMENT

### A.  Plaintiffs' Have Pled Their Fraud Allegations With the Requisite Specificity

Defendants incorrectly argue that all fifteen of Plaintiffs claims—even those based on contract—are "grounded in fraud" and thus subject to the heightened pleading requirements of Rule 9(b). While Plaintiffs disagree, as discussed *infra*, they have nonetheless satisfied the particularity requirement with respect to all claims.

As to the fraud allegations, Defendants assert that "the complaint is devoid of specific facts as to which defendant made what misrepresentation to which Plaintiff, and when and how." (Motion, p. 2:7-10.) "It is axiomatic that a defendant cannot defend against a claim so vague that it is impossible to decipher, which is the reason behind Rule 9(b) in the first instance." (Motion, p. 2:15-17.)

These contentions are misguided. For either Defendant to argue the allegations fail to provide sufficient notice of the wrongful conduct is contrary to any reasonable reading of the Complaint. For example, Defendants focus on Paragraph 12 of the Complaint and contend, "it is impossible to tell" what Defendants are being described and "impossible to tell if Paragraph 12 relates to conduct by all defendants or only Roy and Gagnon, or some other mixture of the four." (Motion, p. 4:4-9, p. 4:11-13.)

There is no reasonable basis for this "confusion." Paragraph 12, the first introductory paragraph in the "Factual Background" section of the Complaint states, in its entirety:

> **Defendants Marc and Meggie**, a married pair of grifters, con artists, and swindlers, ingratiated themselves with Plaintiffs Sarah and Claire for the main purpose of obtaining through deceit and undue influence money and possessions from daughter and mother Plaintiffs, Sarah and Claire, respectively. After realizing Sarah's and Claire's considerable

wealth, Defendants began a calculated campaign to gain Sarah's and Claire's trust and confidence. Based upon information and belief, upon achieving a special relationship of trust and confidence with the Plaintiffs Sarah and Claire, Defendants stole hundreds of thousands of dollars from Plaintiffs Sarah and Claire via an undue enrichment conspiracy to commit fraud and embezzlement." (Complaint ¶ 12, emphasis added.)

Clearly, Paragraph 12 is referring to Defendants Marc (Gagnon) and Meggie (Roy). Defendants also ignore the litany of allegations that follow (Paragraphs 13-48), which detail the timeline of events and attendant misrepresentations or concealments by Marc and Meggie that took place from 2016 through 2021. Reciting all of the specific allegations ignored by Defendants would be akin to restating the entire Complaint. A sampling of the allegations, below, demonstrates the level of specificity employed by Plaintiffs.

### 1. Marc and Meggie's Fraudulent Conduct Related to the Bel Air Home

In 2016, Defendant Marc met Plaintiff Sarah in Berkley, California. (Complaint ¶ 13.) After learning of Sarah's wealth, Marc introduced her to his wife, Meggie. (Complaint ¶ 13.) When Sarah returned to her home in Palm Desert, California, Marc and Meggie moved from Berkeley, California to a small apartment in Palm Desert, California in order to live near Sarah and her family. (Complaint ¶ 14.) Marc and Meggie then befriended Sarah's parents, spending substantial time at Plaintiffs' residences and their country club. (Complaint ¶ 15.) After moving to Palm Desert, Marc and Meggie purposefully complained about their small apartment and inability to purchase a home in Palm Desert. (Complaint ¶ 15.) Marc and Meggie made these representations with the intent to sway Sarah into purchasing a property in which Marc and Meggie could live, which she ultimately did through her company, Halo's. (Complaint ¶ 15.)

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

In 2020, Marc and Meggie falsely represented they would make rental payments on the property purchased by Halo's and falsely represented they would pay for an option to purchase the home. Specifically, on February 14, 2020 Marc and Meggie orally agreed to lease a residential property known as the "Bel Air Home," from Halo's in exchange for a below-market rental rate of $1,847.50 per month. (Complaint ¶¶ 15-17.) Although Marc and Meggie have occupied the Bel Air Home since February 14, 2020, neither one of them has ever made a single rent payment to Halo's. (Complaint ¶¶ 19, 98.) On April 1, 2020, Marc and Meggie entered into an Option Agreement with Halo's, which granted Marc and Meggie an option to purchase the Bel Air Home at a below market price in exchange for a $100 "Initial Option Payment." (Complaint ¶¶ 15-17, 108.) However, March and Meggie never made this payment. (Complaint ¶¶ 21, 108.)

### 2. Marc and Meggie's Fraudulent Conduct Related to the Vehicles Purchased by Plaintiff

Also in 2020, Marc and Meggie falsely represented they would pay Sarah for two vehicles she purchased for them. Specifically, "Defendants repeatedly complained about their old and unreliable vehicle, and their inability to purchase a new car, for the purpose of swaying **Sarah to purchase a car for Defendant Marc**." (Complaint ¶ 24. Emphasis added) "**Marc convinced Sarah** to purchase a Jaguar for Defendants, for the purchase price of $51,500. Defendants verbally agreed to repay Sarah for the cost of the Jaguar." (Complaint ¶ 25.) "**Thereafter, Marc claimed** that the Jaguar was a lemon and returned the Jaguar to the dealership for a refund of $50,000" but did not return the money to Sarah despite an agreement to do so. (Complaint ¶ 26. Emphasis added) "**Marc further convinced Sarah** to purchase a Mercedes Benz for Defendants for the purchase price of $70,000. Defendants verbally agreed to repay Sarah for the cost of the Mercedes Benz. Despite this

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

agreement, to date, Defendants are still in possession of the Mercedes Benz, but have made no payments to Sarah to reimburse her for the cost of the Mercedes Benz." (Complaint ¶ 27. Emphasis added)

### 3. Marc and Meggie's Fraudulent Conduct Related to the Montecito Home Redesign

In 2021, Marc and Meggie falsely represented that Meggie was a skilled interior designer then proceeded to convert assets during a home renovation project and defraud Plaintiffs with the help of Defendants Alain and Marieve. Specifically, "**Defendant Meggie claimed** to be a skilled interior decorator" and she and Marc convinced Plaintiffs to hire Meggie to remodel a house in Montecito, California (the "Montecito House") (Complaint ¶¶ 28-29. Emphasis added) "In 2021, **Plaintiff Sarah entered into an oral contract with Meggie** whereby she would design, remodel, furnish, and decorate Plaintiffs' home in Montecito, California ("Montecito Renovation Agreement"). **Meggie agreed** to design the Montecito home to the standards and preferences of Plaintiff Sarah, which was to be completed on or before June 1, 2021. In return, **Sarah was to compensate Meggie** in the total amount of $300,000. Plaintiff Sarah did not agree that Marc would perform any work under the Montecito Renovation Agreement." (Complaint ¶ 30. Emphasis added.)

In May 2021, Marc and Meggie moved into the Montecito guesthouse and purportedly proceeded with the renovation and re-design of the main house and requested that Sarah issue payment of $100,000 for a general contractor. (Complaint ¶ 31.) However, "[d]uring the renovation, **Meggie made or directed multiple mistakes**, which led Plaintiff Sarah to believe that Meggie was not an expert in renovation or interior design, despite the representations made by Defendants to Plaintiffs Sarah and Claire." (Complaint ¶ 32. Emphasis added) "**Meggie failed to** complete the renovation and redesign of the Montecito House by June 1, 2021.

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MARC ANTOINE GAGNON AND MEGGIE ROY'S MOTION TO DISMISS UNDER RULE 9(b)**

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

Indeed, **Meggie failed to** complete the renovation and redesign of the Montecito House in total. The Montecito House was left uninhabitable and unfurnished." (Complaint ¶ 37. Emphasis added)

Plaintiffs also detail the fraudulent conduct of Marc and Meggie during the Montecito House renovation. Specifically, "During the renovation, Defendants removed fixtures from the house, such as expensive chandeliers, and sold them without the express permission or consent of Plaintiff Sarah, and for their own personal financial gain. Plaintiff Sarah did not receive the proceeds from the sale of any fixtures removed from the Montecito house by Defendants." (Complaint ¶ 33.) Defendants used Sarah's credit card to purchase numerous items from vendors, including Wayfair, Amazon, Burke Décor, and Rove, in an amount exceeding $100,000, without the express permission or consent of Plaintiff Sarah; the items purchased are not in the Montecito House and are unaccounted for to date. (Complaint ¶ 34.) Marc and Meggie also threw a lavish party using Sarah's credit card without her express permission or consent. (Complaint ¶ 36.)

Marc and Meggie also conspired with their cousins in the fraudulent scheme. Specifically, "[d]uring the renovation, Defendants allegedly hired their cousins Alain and Marieve, to assist with the renovation without the express permission or consent of Plaintiff Sarah, and demanded that they be paid $15,000 for their labor. In addition, Defendants allowed Alain and Marieve to live at the Montecito House without the express permission or consent of Plaintiff Sarah." (Complaint ¶ 35.)[4]

///

///

///

---

[4] Paragraph 35 is the first mention of Alain and Marieve, who are referred to simply by name. Reading the Complaint as a whole and in context makes clear that any reference to "Defendants" prior to Paragraph 35 includes only Marc and Meggie.

### 4.   Marc's Fraudulent Conduct Related to the Website Design

Defendant Marc also fraudulently obtained and controls intellectual property belonging to Plaintiff Sarah's business. Specifically, "**Marc held himself out** to be an experienced and knowledgeable website designer and convinced Sarah to allow Marc to create [a website for Sarah's business]." (Complaint ¶ 38. Emphasis added.) However, after creating the website, Marc failed to transfer ownership and administrative access to Sarah, despite repeated demands, and continues to maintain control over Sarah's business website, its content, and her intellectual property. (Complaint ¶ 39.)

### 5.   Marc and Meggie's Fraudulent Conduct Related to Duress, Undue Influence, and Accessing Plaintiffs' Safes

"On May 8, 2020 Jim Gagan passed away. Plaintiffs Sarah and Claire were devastated when Mr. Gagan passed. Claire and Sarah both felt lonely and were emotionally vulnerable during this difficult time." (Complaint ¶ 22.) "Defendants continued to take advantage of Plaintiffs Sarah and Claire in their grief stricken state prior to and after the death of Jim Gagan. Specifically, Defendants continued to strengthen their 'friendship' with Sarah and Claire, while isolating Plaintiffs (Sarah and Claire), in an already weakened and vulnerable state, from their other friends and acquaintances in furtherance of their plan to obtain, through deceit and undue influence, Plaintiffs' money and other assets. As a result, Defendants further gained the confidence and trust of Plaintiffs (Sarah and Claire), including access to Plaintiff Sarah's finances. Because of Defendants' concerted efforts, Plaintiffs considered Defendants their trusted advisors and confidantes." (Complaint ¶ 23.)

"Upon information and belief, over the course of their relationship with Plaintiffs Sarah and Claire, Defendants worked together to take tens of thousands of dollars from the safes of Sarah and Claire, respectively, without their knowledge or

PLAINTIFFS' MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MARC ANTOINE GAGNON AND MEGGIE ROY'S
MOTION TO DISMISS UNDER RULE 9(b)

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

consent, by virtue of Defendants' position as trusted advisors and family friends."
(Complaint ¶ 40.)

### 6.    Marc and Meggie's Fraudulent Conduct Related to Conspiracy

Plaintiff allege "Defendants, **and each of them**, knowingly and willfully conspired together and agreed among themselves, or in the alternative, later joined the ongoing conspiracy, and fully ratified all past actions and the purpose of the conspiracy, and agreed to undertake the wrongful acts as alleged herein, resulting in injury to Plaintiffs." (Complaint ¶ 41. Emphasis added.) "Defendants, with the intent to permanently deprive Plaintiffs of their respective personal and real property, fraudulently appropriated the assets of Plaintiffs, all as alleged herein. Defendants knowingly and designedly, by false or fraudulent representations or pretenses, defrauded Plaintiffs of personal and real property." (Complaint ¶ 43.)

### 7.    Marc and Meggie Have Notice of Their Alleged Misconduct

Plaintiffs incorporate the above factual allegations into each of the fifteen claims and supplement them with additional allegations specific to each claim, including allegations comprising the necessary elements and allegations related to "malice, intent, knowledge, and other conditions of [Defendants'] mind," all of which may be alleged generally. *See* Fed. R. Civ. P. 9(b).

In the face the above factual allegations describing the circumstances of Defendants misconduct, Defendants make the unsupportable claim that "no facts were set forth as to the conspiracy to commit fraud, fraud, negligent misrepresentation nor any other tortious act in any clear or concise terms as to any Defendant." (Motion, p. 6:14-16.) Defendants claim, "there are no facts pled as to each Defendant's involvement in the alleged series of fraudulent practices. The Complaint is utterly silent on that front." (Motion, p. 7:17-19.)

BN 69904357v1

BUCHALTER
A Professional Corporation
San Diego

The allegations clearly specify "the who, what, when, where, and how" of the misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). As such, Defendants' argument "that the complaint must be amended so that all defendants have sufficient notice of the wrongdoing they are accused of" is without merit. (*See* Motion, p. 7:2-4.) Although "Defendants" have been referred to in some instances in the Complaint, dismissal is not warranted under Rule 9(b) because the allegations are more than sufficient to permit Defendants Marc and Meggie to defend against the charges. *See Ryan-Beedy v. Bank of New York Mellon*, 293 F. Supp. 3d 1101, 1109 (E.D. Cal. 2018) ["When the allegations otherwise permit the defendant to defend against the charges, this court is not required to dismiss the complaint for plaintiffs' failure to identify a specific representative as the source of a false representation"].

Moreover, the specificity requirements for pleading fraud may be relaxed as to matters within the opposing party's knowledge. *Ryan-Beedy v. Bank of New York Mellon*, 293 F. Supp. 3d 1101, 1109 (E.D. Cal. 2018). Here, Plaintiffs' allegations of fraudulent conduct are based on both affirmative representations, as well as omissions or concealments by Marc and Meggie, which would necessarily be within their knowledge.

Finally, it is noteworthy that many of the allegations of fraudulent conduct in the Complaint describe *omissions*, not affirmative actions. Logically, a plaintiff cannot possibly plead the specific time or place of an event or representation that never happened, and the case law in this Circuit acknowledges that reality. *See Washington v. Baenziger*, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987) ["Where the fraud consists of omissions on the part of the defendants, the plaintiff may find alternative ways to plead the particular circumstances of the fraud [citation]. For example, a plaintiff cannot plead either the specific time of the omission or the place,

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MARC ANTOINE GAGNON AND MEGGIE ROY'S MOTION TO DISMISS UNDER RULE 9(b)**

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

1  as he is not alleging an act, but a failure to act."]. Where, as here, Defendants are
2  alleged to have failed to act, it is not possible to plead the specifics of where, or
3  when, such a non-action occurred.

4      **B.      The Heightened Pleading Standard of Rule 9(b) Applies Only to**
5              **Plaintiffs' Fraud-Based Claims**

6      Remarkably, Defendants assert that even Plaintiffs' ejectment and trespass
7  claims (among other non-fraud based claims) are subject to Rule 9(b)'s heightened
8  pleading standard. In so doing, Defendants' incorrectly rely on *Vess v. Ciba-Geigy*
9  *Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) to argue that each of Plaintiffs fifteen
10 claims are subject to Rule 9(b)'s heightened pleading standard, which is typically
11 reserved for "fraud and mistake." (Motion, p. 3:15-26.)

12     In *Vess*, the Court noted that "a plaintiff may choose not to allege a unified
13 course of fraudulent conduct in support of a claim, but rather to allege some
14 fraudulent and some non-fraudulent conduct. In such cases, only the allegations of
15 fraud are subject to Rule 9(b)'s heightened pleading requirements . . . . **The rule does**
16 **not require that allegations supporting a claim be stated with particularity**
17 **when those allegations describe non-fraudulent conduct**. *Vess v. Ciba-Geigy*
18 *Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (emphasis added).

19     In this scenario, as here, "only the allegations of fraud are subject to Rule
20 9(b)'s heightened pleading requirements," and **"[a]llegations of non-fraudulent**
21 **conduct need satisfy only the ordinary pleading standards of Rule 8(a)."** *Id.* at
22 1104-05 (emphasis added). In other words, Rule 9(b) does not require that
23 allegations supporting a claim be stated with particularity when those allegations
24 describe non-fraudulent conduct. *Id.* at 1104.

25     Plaintiffs have asserted the following claims that do not require a showing of
26 fraud: ejectment, trespass, and three breach of contract claims. Plaintiffs pled

27     BN 69904357v1                    11
28 **PLAINTIFFS' MEMORANDUM OF POINTS AND**
   **AUTHORITIES IN OPPOSITION TO DEFENDANTS'**
   **MARC ANTOINE GAGNON AND MEGGIE ROY'S**
   **MOTION TO DISMISS UNDER RULE 9(b)**

BUCHALTER
A Professional Corporation
San Diego

allegations of non-fraudulent conduct as the basis for each of these claims. (*See* Complaint ¶¶ 50-53, 55-60, 96-99, 101-104, 106-110.)

Take, for example, the ejectment and trespass causes of action, both of which are grounded in the simple allegations that (1) the Defendants are in possession of the Bel Air Home, (2) Defendants do not have title, (3) Defendants have not paid rent and (4) Plaintiff Halo's has demanded possession of the premises and Defendants have refused to relinquish possession. These allegations are not fraud based at all. Therefore, these claims against Marc and Meggie are not "grounded in fraud." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ["Many of plaintiffs allegations describe non-fraudulent conduct, as opposed to relying entirely on a unified fraudulent course of conduct, and therefore are not "grounded in fraud"].

Take, as another example, the breach of contract causes of action (causes of action 7-9). All three breach of contract causes of action are grounded in Defendants' failure to perform their obligations and duties pursuant to the various contracts, i.e., failure to make payments on the cars, failure to pay rent, and failure to renovate the Montecito Home. These allegations are not grounded in fraud, but in breaches of contractual terms. These claims sound in contract, not fraud.

Contrary to Defendants argument, Rule 9(b)'s particularity requirement is not a basis for dismissal of Plaintiffs' claims that stand independently on allegations of non-fraudulent conduct, even if allegations of fraud are incorporated. "Where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated. The proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) [quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*,

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

238 F.3d 363, 368 (5th Cir.2001)]. "Thus, if particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).[5]

Even if this Court determines the allegations contained in the non-fraud claims are subject to Rule 9(b), Plaintiffs have nonetheless satisfied the particularity requirement, as demonstrated above.

## C.   Alternatively, Plaintiffs Should be Given Leave to Amend

If the Court finds the Complaint to be deficient, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) [quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir.1988)]; *see also Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) ["leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts"]. "This approach is required by Federal Rule of Civil Procedure 15(a), which provides that leave to amend should be freely granted when justice so requires." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) [citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)].

///

///

///

---

[5] Here, Defendants moved to dismiss the Complaint for failure to plead with particularity under Rule 9(b), but have made no motion to dismiss under Rule 12(b)(6). Thus, for the claims where fraud is not an element, the Court need only find that some non-fraud allegations remain after "disregarding" or "stripping" any inadequate averments of fraud, if any, but need not test the sufficiency of the remaining non-fraud allegations to determine whether they state a claim. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-1106 (9th Cir. 2003).

## IV.  **<u>CONCLUSION</u>**

For the reasons stated herein, this Court should deny Defendants Motion to Dismiss, or in the alternative, grant Plaintiffs the opportunity to amend the Complaint.


DATED:  June 17, 2022

BUCHALTER
A Professional Corporation


By: _____
VINCENT R. WHITTAKER
SKYE L. DALEY
CHANDRA A. ROAM
Attorneys for Plaintiffs HALO'S
HEART, LLC, a California Limited
Liability Company, SARAH GAGAN, an
individual, and CLAIRE GAGAN, an
individual

BN 69904357v1

14

BUCHALTER
A Professional Corporation
San Diego