UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:22-cv-00680-SSS-SPx | Date | March 2, 2023 |
|---|---|---|---|
| Title | Sarah Gagan, et al. v. Marc Antoine Gagnon, et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| IRENE VAZQUEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' AND COUNTERCLAIMANTS' MOTION TO STRIKE A PORTION OF THE FIRST AMENDED COUNTERCLAIM [DKT. 62]**

Before the Court is Plaintiffs and Counterclaimants Sarah Gagan, Claire Gagan, and Halo's Heart, LLC's (collectively, "Plaintiffs") Motion to Strike a particular portion of Defendants and Cross-Complainants Marc Antoine Gagnon and Meggie Roy (collectively, "Defendants") First Amended Counterclaims ("FACC"). [Dkt. 62]. The Motion to Strike ("Motion") is now fully briefed and ripe for decision. For the following reasons, Plaintiffs' Motion is GRANTED.

Plaintiffs contend that the portions of Defendants' FACC pertaining to Plaintiff Sarah Gagan's alleged substance abuse (the "language at issue") is "gratuitous, salacious, and immaterial." [Dkt. 62 at 5]. Defendants contend that the language at issue should not be struck because it "goes directly to Sarah's credibility, her memory of events and also lends itself to fleshing out [Defendants']

affirmative defenses." [Dkt. 68 at 6]. For the following reasons, the Court agrees with Plaintiffs.

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An immaterial matter is defined as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Plong v. BM Realestate Services, Inc.*, No. 2:20-cv-06999-JWH-AGRx, 2022 WL 2035966, at *2 (C.D. Cal. Apr. 12, 2022) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds by Fantasy v. Fogerty, Inc.*, 510 U.S. 51 (1994)). Motions to strike are generally regarded with disfavor. *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165–66 (C.D. Cal. 1995). "Ultimately whether to grant a motion to strike falls on the sound discretion of the district court." *Plong*, No. 2:20-cv-06999-JWH-AGRx, 2022 WL 2035966, at *3 (C.D. Cal. Apr. 12, 2022).

Here, the language at issue is immaterial to the Defendants' FACC. The FACC states claims for: (1) declaratory relief; (2) unjust enrichment/restitution; (3) breach of oral contract; (4) defamation; (5) conversion; (6) unjust enrichment/quantum meriut; (7) accounting; (8) breach of contract; (9) breach of fiduciary duty; (10) constructive trust; and (11) intentional infliction of emotional distress. [Dkt. 55 at 1]. None of these claims require a showing of Plaintiffs alleged issues with substance abuse. As such, the language at issue is immaterial and should be stricken from Defendants' FACC.

Accordingly, the Plaintiffs' Motion [Dkt. 62] is **GRANTED**. The Court hereby **STRIKES** from the FACC [Dkt. 55]:
- ¶ 266: The portion of the paragraph that reads ". . .who were staying at the hotel with Sarah to both keep her company and to keep an eye on her as Sarah abused alcohol and prescription drugs." [Dkt. 55 at 23–24, ¶266, lines 1–2]; and
- ¶ 302: The portion of the paragraph that reads ". . .who stayed with Sarah for months at her hotel in San Francisco to make sure that she didn't overdose." [Dkt. 55 at 36, ¶302, lines 4–5].

**IT IS SO ORDERED**.